The People of the State of New York, Respondent,
against
James A. Matarese, Appellant.




James A. Matarese, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Kenneth S. Diamond, J.H.O.), entered March 28, 2018. The judgment, after a nonjury trial, imposed a $50 civil liability, plus a $30 administrative fee, upon defendant as the owner of a vehicle which had failed to stop at a red light.




ORDERED that the judgment is affirmed, without costs.
This action was commenced to impose civil liability upon defendant as the owner of a vehicle which had been recorded by a camera as having failed to stop at a red light before making a right turn at the intersection of "NY 25 &commat; NY 110 - WB" in violation of Suffolk County Local Law § 20-2009 and Vehicle and Traffic Law § 1111-b. 
At a nonjury trial, the People entered into evidence a technician's certificate certifying the alleged violation, wherein it was alleged, among other things, that the technician is an employee of Suffolk County, that she had inspected the recorded images, and that the attached exhibits were true and accurate copies of the images she had reviewed. In addition, at trial, the video of the incident, which was reviewed by the court, depicted defendant's vehicle in the right lane [*2]traveling toward the intersection in question. The video shows that there is a traffic signal over the right lane having a yellow signal which changed to red before defendant's vehicle proceeded to make a right turn without stopping. This evidence established, prima facie, defendant's liability (see Vehicle and Traffic Law § 1111-b [d]).
Defendant's contentions that the technician's certificate should not have been admitted into evidence because it did not contain an allegation that the technician was an employee of Suffolk County is without merit since the technician expressly alleged therein that she is an employee of Suffolk County. Additionally, we find defendant's contention, that the video evidence shows that the traffic light was malfunctioning or was obstructed, to be without merit. The traffic signal directly over the lane of traffic where defendant's vehicle turned right without stopping was not malfunctioning and the view of the signal was not obstructed.
We find defendant's remaining contention concerning the prosecutor's statement to similarly lack merit.
Accordingly, the judgment is affirmed.
GARGUILO, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2019